IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DOLORIS VALARIE LAMBERT and<br>ROBERT LAMBERT | CV. 06-748-AS |
| Plaintiffs, | FINDINGS AND<br>RECOMMENDATION |
| v. | |
| CURTIS BALD EAGLE, an individual, and<br>TOM FERY FARM, INC., an Oregon<br>corporation, | |
| Defendants. | |

ASHMANSKAS, Magistrate Judge:

      Deloris Valarie Lambert ("Valarie"), and her husband Robert Lambert (collectively "Plaintiffs"), filed this action on May 24, 2006. Plaintiffs allege in their complaint that Curtis Bald Eagle[1] sexually harassed and assaulted Valarie while acting as the agent and employee of defendant Tom Fery Farm, Inc. ("Defendant"). Plaintiff asserted a claim for sexual harassment under Title VII of the Civil Rights Act of 1964, as well as claims for sexual harassment under O.R.S. 659A.030, sexual battery and loss of consortium. On March 1, 2007, the parties stipulated to the dismissal of the Title VII claim. The court now recommends dismissing this action for lack of jurisdiction.

---

      [1] Curtis Bald Eagle was originally named as a defendant but was voluntarily dismissed by Plaintiff on January 4, 2007.

Page -1- FINDINGS AND RECOMMENDATION                                           *{SIB}*

Legal Standard

28 U.S.C. § 1367(a) provides that district courts shall have "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." The district courts may, however, decline to exercise supplemental jurisdiction over state claims when the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).[2]

"[I]n the usual case in which federal law claims are eliminated before trial, the balance of the factors of economy, convenience, fairness and comity will point toward declining to exercise jurisdiction over state law claims."  O'Connor v. State of Nevada, 27 F.3d 357, 363 (9th Cir. 1994), cert denied, 514 U.S. 1021 (1995).  Although this exercise is discretionary with the court, the Ninth Circuit has strongly advised that in most circumstances, the *proper* exercise of discretion requires the dismissal of the state claims. Reynolds v. County of San Diego, 84 F.3d 1162, 1171 (9th Cir. 1996).

Discussion

While this case has been pending in this court since May 24, 2006, this court has not been

---

[2] The comments to the rule note:
> Whether a dismissal of the touchstone claim should bring about a dismissal (or remand, in a removal situation) of the dependent claim for want of supplemental jurisdiction should hinge on the moment within the litigation when the dismissal of the touchstone claim takes place . . . . If for example, the main claim is dismissed early in the action, before any substantial preparation has gone into dependent claims, dismissing or remanding the latter upon declining supplemental jurisdiction seems fair enough.

28 U.S.C.A. § 1367, p. 224 (West Supp. 1991).

involved in the matter other than holding the routine Rule 16 conference and extending various discovery and filing deadlines. The discovery engaged in by the parties is equally applicable to the action whether it be in federal or state court.

The court recognizes that the parties have fully briefed a motion for summary judgment on the remaining state claims. However, the court has not reviewed or considered any of the arguments contained in those pleadings. The parties may raise the same issues and file the same pleadings in state court.

The court finds no good reason to keep what is truly a state law action in federal court. Accordingly, the court recommends declining the opportunity to retain jurisdiction over the remaining state claims and dismissing this action for lack of jurisdiction.

## Conclusion

This action should be dismissed without prejudice for lack of jurisdiction and a judgment entered accordingly.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **June 13, 2007**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 25th day of May, 2007.

    /s/ Donald C. Ashmanskas
    DONALD C. ASHMANSKAS
    United States Magistrate Judge